UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN SULLIVAN,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL WISLER, et al.<br><br>Defendants. | Civil Action No. 22-2704 (MEF)<br><br>OPINION AND ORDER |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Plaintiff Stephen Sullivan ("Plaintiff") seeking leave to file an Amended Complaint. Dkt. No. 64. Defendants M&T Bank Corporation ("M&T"), Michael Wisler ("Wisler"), Matt Egyhazy ("Egyhazy"), and Rick Hair ("Hair") (collectively, "Defendants") oppose Plaintiff's motion. Dkt. No. 66. Plaintiff filed a reply. Dkt. No. 67. For the reasons set forth below, Plaintiff's motion [Dkt. No. 64] is **DENIED**.

**I.    BACKGROUND**

Plaintiff initiated this action by filing a Complaint in the Superior Court of New Jersey, Bergen County, on or about April 1, 2022. Dkt. No. 1-1 ("Compl."). Plaintiff, a former Senior Technology Manager at M&T, brings this action against M&T and its executives, Defendants Wisler, Egyhazy, and Hair, alleging various claims arising out of his employment and ultimate termination from M&T in April of 2022. *See* Compl. at pp. 4-18 (Counts I-VI). Defendants removed Plaintiff's state court action to this Court on May 9, 2022, asserting federal question jurisdiction over Plaintiff's benefits claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) and supplemental jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367(a). Dkt. No. 1 at ¶¶ 6-12. On May 31, 2022, Defendants filed their Answer. Dkt. No. 5.

1

The Court entered a Pretrial Scheduling Order on August 15, 2022, which, as relevant to the present motion, set a December 23, 2022 deadline for moving to amend the pleadings and an initial fact discovery deadline of March 3, 2023. Dkt. No. 7 at ¶¶ 2, 16. Ultimately, the parties requested, and were granted, several extensions of the fact discovery deadline.[1] On April 11, 2023, the Court conducted a telephone status conference and extended the deadline for fact discovery to July 31, 2023. Dkt. No. 19. Fact discovery was again extended on June 27, 2023, on September 28, 2023, and on February 1, 2024, until April 30, 2024. *See* Dkt. Nos. 31, 33, 35.

On February 22, 2024, Plaintiff filed a motion for leave to amend the Complaint, requesting that he be permitted to join M&T's Chief Executive Officer, René Jones, as a defendant. Dkt. No. 36. Defendants filed an Opposition to Plaintiff's motion on March 18, 2024. Dkt. No. 40. On March 21, 2024, Plaintiff requested to withdraw his motion to amend. Dkt. No. 41. On May 2, 2024, during a telephone status conference, the Court terminated Plaintiff's motion to amend on consent and extended fact discovery for the last time, to July 15, 2024. Dkt. No. 46.

Although the parties made several requests to extend the fact discovery deadline, they never requested an extension of the deadline for amending the pleadings. *See also* Dkt. No. 64-2 ("Pl.'s Moving Br.") at p. 7 ("[N]o one suggested extending the time to seek leave to amend the pleadings."). Thus, "the right to file a motion to amend the pleadings expired over a year and a half prior to [the completion of] discovery." *Id.* at p. 3.

Defendants moved for summary judgment on February 14, 2025. Dkt. No. 61. One week later, on February 21, 2025, Plaintiff filed the present motion seeking leave to amend the complaint to add a claim for wrongful termination. Dkt. No. 64. On February 25, 2025, the Court issued an

---

[1] Fact discovery was extended, in part, because of discovery disputes amongst the parties. *See, e.g.*, Dkt. Nos. 17, 24, 27, 28, 30, 47, 50, 51.

2

Order administratively terminating Defendants' motion for summary judgment pending resolution of the instant motion. Dkt. No. 65. Defendants filed an Opposition to Plaintiff's motion to amend on March 3, 2025. Dkt. No. 66. Plaintiff filed a reply on March 10, 2025. Dkt. No. 67.

After nearly three years since his April 1, 2022 termination and over two years past the Court-ordered deadline for amending the pleadings, Plaintiff is now "convinced" he was wrongfully terminated by M&T based on his age and therefore seeks leave to amend to add a claim for wrongful termination. Pl.'s Moving Br. at p. 2. In support of amendment, Plaintiff first argues that he has shown good cause for amendment pursuant to Rule 16. He claims that he could not have made this motion earlier because he was not aware that he had been terminated from his employment with M&T when the Complaint was filed. *Id.* at p. 6. Furthermore, Plaintiff claims that he did not have all the necessary evidence to bring a claim for wrongful termination until discovery was fully completed. *Id.* at p. 7. Second, Plaintiff argues that, pursuant to Rule 15, the proposed amendment is not futile and that there has been no undue delay or bad faith on his behalf. *Id.* at pp. 7-8.

Defendants, on the other hand, argue that Plaintiff's motion fails under both Rule 16, because he has failed to demonstrate good cause, and Rule 15, because he was unduly dilatory in seeking amendment. *See generally* Defs.' Opp'n Br., Dkt. No. 66. Permitting amendment at this juncture, Defendants assert, would be highly prejudicial since Defendants have already filed their summary judgment motion. *Id.* at pp. 7-8.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 16 "limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Requiring the court to include a deadline for amending pleadings in the pretrial scheduling order "assures that at some point . . . the pleadings will be fixed." Fed. R. Civ. P. 16(b), Advisory Committee's n. on 1983

3

amendment; *see also Harrison Beverage Co. v. Dribeck Imps.*, 133 F.R.D. 463, 469 (D.N.J. 1990) ("The careful scheme of reasonable framing and enforcement of scheduling orders for case management would thus be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired.").

A motion to amend filed after the Court's Rule 16(b)(3)(A) deadline is subject to a heightened level of scrutiny. *Korrow v. Aaron's, Inc.*, 300 F.R.D. 215, 220 (D.N.J. 2014). The movant must first satisfy the "good cause" requirement of Rule 16(b)(4) to amend the Rule 16 Scheduling Order and obtain the Court's consent "to extend the deadline to amend pleadings." *Id.* (quoting *Velto v. Reliance Standard Life Ins. Co.*, No. 10-1829 (DMC), 2011 WL 810550, at *4 (D.N.J. Mar. 1, 2011); Fed. R. Civ. P. 16(b)(4)). Although motions to amend pleadings are generally governed by Federal Rule of Civil Procedure 15, "Rule 16 serves as a threshold or gateway [and] only after a party has shown good cause under Rule 16 does the Court turn to Rule 15(a) and consider whether the party's motion to amend its pleading is appropriate under that standard." *Doe v. Hosp. of Univ. of Pennsylvania*, No. 19-2881 (KSM), 2021 WL 2671791, at *7 (E.D. Pa. June 29, 2021) (citation omitted).

The good cause standard is "not a low threshold." *J.G. v. C.M.*, No. 11-2887 (WJM), 2014 WL 1652793, at *1 (D.N.J. Apr. 23, 2014). A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Rec. Inc.*, 975 F.2d 604, 610 (9th Cir. 1992); *see also Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, No. 89-1701 (CSF), 1992 WL 183712, at * 2 (D.N.J. July 20, 1992). As a result, permitting discovery extensions in the absence of good cause would "deprive the trial judges of the ability to effectively manage the cases on their overcrowded dockets." *Koplove v. Ford Motor Corp.*, 795 F. 2d 15, 18 (3d Cir. 1986). "'Good cause' under Rule 16(b) focuses on the diligence of the party

4

seeking the modification of the scheduling order." *Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 279 (E.D. Pa. 2010); *see also* Fed. R. Civ. P. 16, Advisory Committee's n. to 1983 amendment ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."); *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) ("[W]e have repeatedly recognized—and we reaffirm today—that whether 'good cause' exists under Rule 16(b)(4) depends in part on a plaintiff's diligence."). If the moving party "knows or is in possession of the information that forms the basis of the later motion to amend" before the deadline has passed, "the party is presumptively not diligent." *Price*, 737 F. Supp. 2d at 280.

### III. ANALYSIS

As an initial matter, the Court must determine whether Plaintiff has shown good cause for the amendment under Rule 16. Plaintiff's primary contention is that the "delay in discovery is good cause [alone] to meet the standard of [Rule] 16 . . . ." Pl.'s Moving Br. at pp. 8-11. He further suggests, considering the lengthy discovery period, that the Court has been unfair in leaving intact the deadline for motions to amend as set forth in the Pretrial Scheduling Order and thus urges the Court to permit amendment at this late stage. *Id.* pp. 7-8.

Here, Plaintiff seeks leave to amend nearly three years after filing the Complaint, following the close of discovery, and after Defendants moved for summary judgment. Plaintiff had ample opportunity to make an earlier motion but, nevertheless, failed to do so. Plaintiff claims that he could not have included a claim for wrongful termination in the Complaint because he was not then aware of his termination from M&T. Plaintiff's Complaint, however, suggests the opposite. Counts Three and Five of Plaintiff's Complaint allege that Plaintiff suffered losses and other damages, as a result of "Defendants' conduct, including but not limited to *termination from employment* . . . [.]" Compl. at p. 16-17, ¶¶ 77, 86 (emphasis added). The Complaint also asserts

5

a retaliation claim under Conscientious Employee Protection Act ("CEPA") based on Plaintiff's "employment termination." *Id.* at p. 18, ¶ 93.

Moreover, Plaintiff has been in possession of "hundreds of pages of discovery" since December of 2022. Pl.'s Moving Br. at p.7. He states that this discovery was produced by Defendants in the days leading up to the December 23, 2022 deadline for moving to amend, and that it was neither "practical nor fair" to expect him to review before the deadline. *Id.* However, Plaintiff, in considering the status of discovery, could have anticipated the need for an extension of the deadline. Instead, Plaintiff, who had "an inkling" based upon discovery that raising an age-based wrongful termination claim would be appropriate, sat idle and made no request for extension. *Id.* Additionally, although it is unclear when exactly the evidence supporting a wrongful termination claim became apparent to Plaintiff, it is certain that Plaintiff was in possession of such evidence by February of 2025 when he filed his earlier motion to amend seeking joinder of M&T CEO, René Jones, as a defendant. Plaintiff filed that motion more than six months after discovery was completed and, at that point, had sufficient time to review the discovery produced by Defendants and ample opportunity to raise the issue of the claim he proposes here.

Finally, in his moving brief, Plaintiff submits the following question to the Court which is illustrative of his lack of diligence in moving to amend:

> Why did you [Plaintiff] not file this Motion earlier, once you received the discovery you needed? The answer is: What is the difference?

Pl.'s Moving Br. at p. 8. The difference, the Court concludes, is that Plaintiff, who, for several months (at a minimum) has known about evidence allegedly giving rise to an age-based wrongful termination claim, waited until Defendants filed their motion for summary judgment to move to

amend. Thus, he has not act diligently under Rule 16.[2] Accordingly, based on the foregoing, the Court finds that Plaintiff has failed to demonstrate good cause under Rule 16 and his motion to amend [Dkt. No. 64] is, therefore, **DENIED**.

### IV. CONCLUSION & ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this on this 12th day of August, 2025,

**ORDERED** that Plaintiff's motion to amend [Dkt. No. 64] is **DENIED**; and it is further

**ORDERED** that Defendants' motion for summary judgment [Dkt. No. 61] is hereby **REINSTATED**; and it is further

**ORDERED** that Plaintiff shall file his response to Defendants' motion for summary judgment [Dkt. No. 61] by **September 2, 2025**; and it is further

**ORDERED** that Defendants shall file their reply by **September 8, 2025**; and it is further

**ORDERED** that Defendants' motion [Dkt. No. 61] shall formally be listed as returnable on **September 15, 2025**; and it is further

**ORDERED** that the Court will conduct a telephone status conference with the parties on **January 12, 2026 at 10:00 AM**. Counsel for Plaintiff shall initiate the call.

---

[2] *See, e.g.*, *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 275 (3d Cir. 2001) (affirming denial of motion to amend where plaintiffs "by their own admission had sufficient facts and legal authority to allege an intentional discrimination claim" but instead took other action, thus, permitting amendment would have caused prejudice to defendant by forcing them to engage in new discovery and new trial preparation); *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 108, 116 (3d Cir. 2003) (affirming denial of motion to amend where plaintiff "sought leave to file a[n] [] amended complaint to state [] two additional causes of action at the eleventh hour—the day before his opposition to [defendant's] summary judgment motion was due"); *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266-67 (3d Cir. 2008) (affirming denial of motion to amend where plaintiff was alerted three and a half years earlier that he was suing the wrong entities "yet, he waited over three years and allowed the District Court to reach the brink of ruling dispositively on the entire suit before [moving to amend]").

    *s/ James B. Clark, III*  
**JAMES B. CLARK, III**  
**United States Magistrate Judge**