**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| STEPHEN SULLIVAN, | No. 22-cv-02704 (MEF)(JBC) |
| *Plaintiff*, | |
| v. | **OPINION** |
| MICHAEL WISLER et al., | |
| *Defendants*. | |

\*     \*     \*

For the purposes of this brief Opinion, the Court largely assumes familiarity with the facts and procedural history of this case.

\*     \*     \*

A man[1] who worked for a bank[2] was fired. See Defendants' Local Rule 56.1 Statement of Undisputed Material Facts (ECF 61-2) ¶¶ 9, 108; Plaintiff's Response to Defendants' Local Rule 56.1 Statement of Undisputed Material Facts and Plaintiff's Supplemental Statement of Undisputed Material Facts (ECF 73) ¶¶ 9, 108.

Arguing that state law had been violated, the man (from here, "the Plaintiff") sued the bank and some of its employees (collectively, "the Defendants") in New Jersey state court. See Complaint and Jury Demand ("Complaint") (ECF 1-1) at 1, ¶¶ 3-7; Notice of Removal (ECF 1) ¶ 1.

The case was then removed to federal court. See Notice of Removal at 1, 6.

---

[1]   Stephen Sullivan.

[2]   M&T Bank.

The parties worked through discovery, and the Defendants have now moved for summary judgment.  See Notice of Motion for Summary Judgment (ECF 61).

That motion is before the Court.[3]

*    *    *

"Jurisdiction is, as always, the first and fundamental question."  Baymont Franchise Sys., Inc. v. Narnarayandev, LLC, 348 F.R.D. 220, 227 (D.N.J. 2024) (cleaned up).

Is there jurisdiction here?

Per the notice of removal: the Court has jurisdiction over one of the Plaintiff's claims under the federal-question statute,[4] see Notice of Removal ¶ 7, and from that anchor supplemental jurisdiction stretches out,[5] to cover the Plaintiff's remaining claims.  See id. ¶ 12.[6]

How might this work here?

Each of the Plaintiff's claims alleges a violation of state law. And ordinarily, "federal jurisdiction [under 28 U.S.C. § 1331 is] lacking where, as here, the complaint is based entirely on

---

[3]  The complaint presses six claims.  Four statutory claims under the New Jersey Declaratory Judgment Act (Count I), see Complaint ¶¶ 17–29; the New Jersey Law Against Discrimination (Count II), see id. ¶¶ 30–62; the New Jersey Racketeer Influenced and Corrupt Organizations Act (Count IV), see id. ¶¶ 78–83; and the New Jersey Conscientious Employee Protection Act (Count VI).  See id. ¶¶ 89–95.  Plus two common-law claims. For breach of the implied covenant of good faith and fair dealing (Count III).  See id. ¶¶ 63–77.  And for intentional infliction of emotional distress (Count V).  See id. ¶¶ 84–88. After the Defendants filed their motion for summary judgment, the Plaintiff moved to amend his complaint to add a state-law wrongful termination claim.  See Plaintiff Stephen Sullivan's Brief in Support of his Motion for Leave to Amend the Complaint (ECF 64-2) at 2, 4.  The motion was denied.  See Sullivan v. Wisler, 2025 WL 2346336, at *4 (D.N.J. Aug. 12, 2025).  So the case only includes the six state-law claims listed out above, and no wrongful termination claim.

[4]  28 U.S.C. § 1331.

[5]  28 U.S.C. § 1367.

[6]  No other basis for federal-court jurisdiction is invoked.

2

state law." In re U.S. Healthcare, Inc., 193 F.3d 151, 160 (3d Cir. 1999).

But there are exceptions to this rule, and one is in play here.

Namely, "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987).

That is, state-law claims that have been "completely pre-empt[ed]" are said to "arise under the . . . laws of the United States" --- and therefore to trigger jurisdiction under the federal-question statute. Id. at 67.

\* \* \*

A "completely pre-empt[ed]" state-law claim has been brought in this case. Id.

Section 502(a) of ERISA allows individuals to sue "to recover benefits due" under certain ERISA plans. 29 U.S.C. § 1132(a)(1)(B). And "Congress intended to completely preempt state law" when it enacted Section 502(a). In re U.S. Healthcare, Inc., 193 F.3d at 160.

So as a general matter, state-law claims challenging "eligibility for benefits" under ERISA plans give rise to federal-question jurisdiction. See Metro. Life Ins. Co., 481 U.S. at 67.

And that seems to cover the Plaintiff's state-law declaratory judgment claim here.

Under this count, the Plaintiff seeks a declaration that he is entitled to benefits under his former employer's severance-pay plan. See Complaint ¶¶ 17-29; Notice of Removal ¶ 9.

"Plans to pay employees severance benefits . . . are employee welfare benefit plans within the meaning of [ERISA]." Massachusetts v. Morash, 490 U.S. 107, 116 (1989); see Deibler v. United Food & Com. Workers' Loc. Union 23, 973 F.2d 206, 210 (3d Cir. 1992) (holding that a severance plan was covered by ERISA); Pane v. RCA Corp., 868 F.2d 631, 635 (3d Cir. 1989) (same); Koenig v. Automatic Data Processing, 156 F. App'x 461, 467 (3d Cir. 2005) (same).

And courts around the Nation routinely assert federal-question jurisdiction over state-law claims asserting wrongful denial of

3

benefits said to be due under workplace severance-pay plans. See, e.g., Lockett v. Marsh USA, Inc., 354 F. App'x 984, 989 (6th Cir. 2009) (holding that a state-law claim for "enhanced severance benefits" was "completely preempted by ERISA" and that "the district court properly exercised subject matter jurisdiction . . . on the basis of complete federal preemption"); Praeger v. Comput. Assocs. Int'l, Inc., 88 F. App'x 186, 187 (9th Cir. 2004) (holding that state-law claims pressed against a former employer for failure to pay severance benefits after involuntary termination were completely preempted and justified "removal to federal court"); Radcliff v. El Paso Corp., 377 F. Supp. 2d 558, 560, 565 (S.D. W. Va. 2005) (holding that state-law claims seeking severance pay were completely preempted by ERISA and thus established federal-question jurisdiction); Kirkland v. SSL Americas, Inc., 263 F. Supp. 2d 1326, 1345-46 (M.D. Ala. 2003) (holding that state-law claims based on "fail[ure] to pay . . . severance benefits" were completely preempted by ERISA and therefore "provide[d] an alternative basis for federal jurisdiction").

What this adds up to: the Court has federal-question jurisdiction over the Plaintiff's declaratory-judgment claim --- and can therefore arguably exercise supplemental jurisdiction over the other claims in the case.[7]

*    *    *

But there is a difficulty.

The Defendants have moved for summary judgment, including as to the declaratory-judgment claim.  See Complaint ¶¶ 17-29.

And in his response papers, under the heading "Plaintiff's New Jersey Declaratory Judgment Act Claim in Count I Fails as a Matter of Law," the Plaintiff writes that he "concedes this point."  See Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment (ECF 71) at 34.

So while the Plaintiff opposes the Defendants' motion for summary judgment on other claims, he does not oppose summary judgment as to his declaratory-judgment claim.  See id. at 40

---

[7]  "Arguably" because in light of the analysis below, there is no need to determine whether all of the Plaintiff's claims flow from "a common nucleus of operative fact."  United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).

4

("For the preceding reasons, on the claims not conceded by the Plaintiff, the Court, respectfully, must deny Defendants' Motion for Summary Judgment.").

In light of this, the Plaintiff has plainly given up on his declaratory-judgment claim.  He has abandoned it.  It is no longer part of this case.  See, e.g., Bennett v. Hurley Med. Ctr., 86 F.4th 314, 324 (6th Cir. 2023) ("When a litigant fails to address a claim in response to a motion for summary judgment, that claim is deemed abandoned or forfeited."); Dixon v. Garland, 2024 WL 4948843, at *4 (5th Cir. Dec. 3, 2024) ("[A] plaintiff abandons claims before the district court when she fails to oppose a motion challenging those claims.") (cleaned up); Kehoe v. Hard Rock Hotel & Casino, 2025 WL 1693881, at *3 (D.N.J. June 17, 2025) ("a plaintiff may abandon a claim by failing to address arguments in support of dismissing those claims in an opposition brief"); Cohen v. BH Media Grp., Inc., 419 F. Supp. 3d 831, 861 n.9 (D.N.J. 2019) (holding that the plaintiff "abandon[ed] her discrimination claim by failing to address it entirely in her opposition brief.").

But recall: federal jurisdiction over this case hung entirely on this declaratory-judgment claim.  It was because the Court had federal-question jurisdiction over the declaratory-judgment claim that it could assertedly exercise supplemental jurisdiction over the remaining claims in the case.

But the declaratory-judgment claim, the anchor claim, has now been pulled away by the Plaintiff.  He has conceded that this claim does not work.  So how can there still be federal jurisdiction over the remaining state-law claims based on it?

\*     \*     \*

Per the Third Circuit: "where the claim over which the district court has original jurisdiction is dismissed before trial," as the declaratory-judgment claim must be, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."  Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (quoting Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995)).

The parties have not come forward with an "affirmative justification" for exercising supplemental jurisdiction here. Id.[8]

So it looks like remand back to state court is appropriate. See Combs v. Homer-Ctr. Sch. Dist., 540 F.3d 231, 253-54 (3d Cir. 2008).

The Court, though, will pause before ordering a remand.

The jurisdictional issue here was raised sua sponte. So the parties should get a chance to weigh in on the Court's power over this case. The Court will set a briefing schedule that allows them to.

_____

[8]  It is not clear how they could. For example, judicial economy does not loom large here. No judge has worked through the merits of the claims here. So a remand to state court would not run the risk of tossing aside one (federal) judge's work and asking another (state) judge to potentially start from scratch. See Brathwaite v. City of Long Branch, 2023 WL 3034098, at *4 (D.N.J. Apr. 21, 2023) (remanding in part because the court had not yet devoted resources to "considering the merits of [the plaintiff's] state law claims"); Lewis v. N.J. Dep't of Child. & Fams., 2022 WL 3593846, at *4 (D.N.J. Aug. 23, 2022) (similar); Gautier-James v. Hovensa, L.L.C., 2023 WL 4532194, at *4 (D.V.I. July 12, 2023) (similar). State court is not inconvenient in any obvious way. See Cindrich v. Fisher, 2006 WL 898176, at *3 (M.D. Pa. Apr. 6, 2006) (declining to exercise supplemental jurisdiction in part because there was no indication "it would be substantially less convenient for any of the parties to address the state law claims in a state court"), aff'd, 341 F. App'x 780 (3d Cir. 2009); Sexton v. N.J. Dep't of Corrs., 2023 WL 6810421, at *2 (D.N.J. Oct. 16, 2023) (similar). And the parties' work in federal court can be put to use on remand. Documents obtained in discovery, and depositions that were taken here --- they can almost surely be used in state court. See, e.g., Annulli v. Panikkar, 200 F.3d 189, 203 (3d Cir. 1999) (affirming a district court's decision to decline supplemental jurisdiction in part because the plaintiff could "use th[e] evidence [collected in discovery] to pursue his state law claims . . . in state court"), overruled on other grounds by Rotella v. Wood, 528 U.S. 549 (2000); Gautier-James, 2023 WL 4532194, at *4 (similar); MCF Servs., Inc. v. Ernest Bock & Sons, 2007 WL 4355388, at *4-5 (E.D. Pa. Dec. 11, 2007) (similar); Covington v. Hamilton Twp. Bd. of Educ., 2015 WL 3746338, at *19 (D.N.J. June 15, 2015) (similar).

On this 6th day of March, 2026.

_____
Michael E. Farbiarz, U.S.D.J.

7