UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STEPHEN SULLIVAN,

Plaintiff,

v.

MICHAEL WISLER et al.,

Defendants.

No. 22-cv-02704 (MEF)(JBC)

**OPINION and ORDER**

\*　\*　\*

For the purposes of this brief Opinion and Order, the Court largely assumes familiarity with the facts and procedural history here.

\*　\*　\*

The Court has discretion in this area, and will use it to remand this case to state court.

This is mainly for reasons that have already been alluded to. See Sullivan v. Wisler, 2026 WL 643738, at \*3 n.8 (D.N.J. Mar. 9, 2026).

Among other things, the work that has been done in federal court to gather information --- that will not go to waste.  Evidence obtained here can readily be used in state court.

\*　\*　\*

Against the conclusion that a remand makes sense, the Defendants press three main counter-arguments.  These do not work.

\*　\*　\*

First, the Defendants note that this case has been pending for a long time in federal court. See Defendants' Mar. 13, 2026 Letter (ECF 91) at 1-2; Defendants' Mar. 16, 2026 Letter (ECF

93) at 1-2. They emphasize that it is only now, late in the day, that the prospect of a remand back to state court has emerged. See Defendants' Mar. 13, 2026 Letter at 2; Defendants' Mar. 16, 2026 Letter at 2.

The possibility of remand has come up now because the supplemental-jurisdiction ties that bind this Court to the Plaintiff's state law claims --- those have been loosened.

That, in turn, is on account of the Court's holding of around ten days ago --- eliminating, on the Defendants' motion, the federal claim that set in place the "anchor" for federal jurisdiction here. See Sullivan, 2026 WL 643738, at *3.

The timing as to when that holding came down was largely dictated by the Defendants' choices. They moved to dispose of the federal anchor claim based entirely on legal arguments. See Defendants' Brief in Support of Their Motion for Summary Judgment (ECF 61-1) at 24. To make those purely legal arguments, no factual discovery was needed.

But the Defendants did not choose to make an early-on, pre-discovery dispositive motion. No motion to dismiss. And no motion for judgment on the pleadings.

If they had taken those steps, the federal claim presumably would have been dismissed then, just as it has been dismissed now --- and this case would have been remanded to state court years ago.

Instead, the Defendants waited until after the close of fact discovery, see May 2, 2024 Letter Order (ECF 46), at which point they filed a motion for summary judgment. See Notice of Motion for Summary Judgment (ECF 61).

There is a road that can run from (i) a dispositive motion as to a federal claim; to (ii) a judicial ruling that eliminates the federal claim; to (iii) a remand of the remaining state claims. The Defendants cannot complain that the last stop, (iii), is coming too late here. This is because it was the Defendants who largely determined the timing of the journey. They could have started down the road years ago, by filing a pre-discovery dispositive motion. They opted not to. And so the destination, of possible remand, is coming up when it is, only now.

*   *   *

<u>Second</u>, the Defendants argue that summary judgment briefing in this case has already been completed "under the federal standard."  <u>See</u> Defendants' Mar. 13, 2026 Letter at 2.  The suggestion is that a remand will fritter away and "nullify[]" their already-done federal-summary-judgment work.  <u>See</u> <u>id</u>.

But in its main outlines, the summary judgment standard under New Jersey law is in lockstep with the federal standard.[1]

And the same body of substantive law that was invoked in the federal court summary judgment proceedings, New Jersey law, would presumably be invoked in any state court summary judgment proceedings.

There is, in short, real overlap here, procedurally and substantively.  The work that the parties did to prepare for summary judgment in federal court can be put to use in state court.

\*     \*     \*

<u>Third</u>, the Defendant argues that if this case is remanded to state court an appeal could be taken to the Third Circuit.  <u>See</u> Defendants' Mar. 13, 2026 Letter at 1-2; Defendants' Mar. 16, 2026 Letter at 1-2.

But as an argument against remand, this proves too much.  It tends to suggest that there is always an automatic first strike against remand.  After all, the possibility of an appeal from a remand order is generic.  Present in this case, yes.  But no more and no less than it would be in any other case.

Remand, though, does not start off in the hole.  Quite the opposite.  <u>See</u> <u>Hedges</u> v. <u>Musco</u>, 204 F.3d 109, 123 (3d Cir. 2000) ("[W]here the claim over which the district court has original

_____

[1]  That has been so since the New Jersey Supreme Court's decision in <u>Brill</u> v. <u>Guardian Life Insurance Co. of America</u>, 142 N.J. 520, 538-40 (1995).  <u>See</u> James H. Walzer, 4 <u>New Jersey Practice, Civil Practice Forms</u> § 60:2 (6th ed. 2026) ("The <u>Brill</u> court adopted [the] federal summary judgment standard[.]"); <u>id</u>. § 60:1 (concluding "the <u>Brill</u> court aligned New Jersey with federal jurisprudence"); John H. Klock, 2 <u>New Jersey Practice, Court Rules Annotated</u> R 4:46-2 (2025 ed.) (noting that <u>Brill</u> brought the New Jersey summary judgment standard "in accord with that enunciated by the United States Supreme Court in <u>Celotex Corp.</u> v. <u>Catrett</u>").

jurisdiction is dismissed before trial, the district court <u>must</u> decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.") (cleaned up).

It is true that an appeal of a remand order raises the possibility of split-up proceedings, with the case on appeal in federal court while it is also being handled in a state trial court.  <u>See</u> Defendants' Mar. 13, 2026 Letter at 1-2 (invoking this possibility); Defendants' Mar. 16, 2026 Letter at 1 (same).

But if that is a live concern here, then a stay can be sought in federal court or state court, and if the application is meritorious it will presumably be granted.

In addition, the Defendants suggest that the Plaintiff might challenge on a federal appeal several orders issued by the United States Magistrate Judge.  <u>See</u> Defendants' Mar. 13, 2026 Letter at 1; Defendants' Mar. 16, 2026 Letter at 1.[2]  Requiring the Third Circuit to take on these issues, the Defendants argue, would waste court time --- and that is relevant to deciding whether to remand.  <u>See</u> <u>generally</u> <u>Hedges</u>, 204 F.3d at 123 (listing, among other considerations, "judicial economy").

But this argument is doubly speculative.  It assumes, first, that the Plaintiff would press these issues --- rather than, say, simply deciding that they are not worth the effort.[3]  And second, the Defendants' argument assumes that there would be appellate jurisdiction over the referenced issues.  But, per the Defendants, the Third Circuit has not yet addressed that

---

[2]  Per the Plaintiff, <u>see</u> Defendants' Mar. 16, 2026 Letter at 1, these are a set of discovery orders issued by the United States Magistrate Judge and a decision by the United States Magistrate Judge not to allow amendment of the complaint.  <u>See</u> June 27, 2023 Letter Order (ECF 31) at 1; July 25, 2024 Letter Order (ECF 51); <u>Sullivan</u> v. <u>Wisler</u>, 2025 WL 2346336, at *4 (D.N.J. Aug. 12, 2025).

[3]  As to the Magistrate Judge orders that the Defendants now contend the Plaintiff might challenge before the Third Circuit, these were not previously challenged by the Plaintiff.  He did not seek review of the Magistrate Judge orders before the District Judge.

4

jurisdictional question.  See Defendants' Mar. 13, 2026 Letter at 1-2.

Moreover, even if the court of appeals needed to take on these issues, that would not change the picture.  The referenced issues pose narrow questions in the context of a narrow case. Working through them would not be especially time-consuming for the Third Circuit.

*      *      *

Only state law claims are left in this case, and absent meaningful justification the case should go forward in state court.  No such justification has been offered.

The case is remanded.  Judgment will enter accordingly.

IT IS on this 20th day of March, 2026 **SO ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.